OPINION
{¶ 1} Johns 3301 Toledo Café, Inc., appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court affirmed an order of the Ohio Liquor Control Commission ("commission"), appellee, finding appellant had violated Ohio Adm. Code 4301:1-1-52(B)(7).
 {¶ 2} Appellant is the liquor permit holder for an establishment called Hot Shotz Bar, located in Toledo, Ohio. John K. Moussaed is the sole stockholder and operator of Hot Shotz Bar. On July 20, 2002, Anthony T. Elitawi, the owner of the Manhattan Liquor Agency Store, contacted the Ohio Department of Public Safety ("ODPS") and reported that he believed his brother, Alihassan Y. Elitawi, was stealing liquor from his store and selling it to Moussaed. Although agents from the ODPS undertook surveillance of the permit premises that evening in anticipation of a transaction between Moussaed and Alihassan, no such transaction occurred. Anthony contacted ODPS again on July 24, 2002, and informed agents he had found four cases of liquor in a trash container behind his store and that the Toledo Police Department had taken a report. Anthony told agents he had talked to his brother about the liquor, and his brother informed him he was to deliver the liquor to Moussaed that evening.
 {¶ 3} Alihassan agreed to complete the transaction using marked bottles, and agents went to Hot Shotz Bar prior to his arrival. Alihassan arrived at Hot Shotz Bar that evening and unloaded four cases into a garage area, which is connected to the permit premises but is not a part of the "sketch of premises" submitted to the Ohio Department of Liquor Control ("ODLC"), at which time Moussaed paid him $410. Thereafter, ODPS agents and Toledo police returned to the bar where they found Moussaed carrying one of the stolen cases of liquor through the garage and loading it into a truck. The three other cases were found inside the garage just outside the door of the office. The office is part of the permit premises. Three additional cases of liquor stolen from Anthony were found in the garage. Moussaed was later convicted of receiving stolen property, and the decision was upheld on appeal in State v. Moussaed, Lucas App. No. L-03-1030, 2003-Ohio-4971.
 {¶ 4} The ODPS charged appellant with three permit violations, and a hearing before the commission was held on September 2, 2004. Two violations were dismissed, and appellant entered a plea of denial with stipulation as to one violation of Ohio Adm. Code 4301:1-1-52(B)(7), which prohibits a permit holder from knowingly or willingly allowing, in and upon the licensed permit premises, any persons to use the licensed permit premises to receive stolen property. On November 29, 2004, the commission found appellant had violated Ohio Adm. Code 4301:1-1-52(B)(7) and revoked its permit. Appellant appealed to the common pleas court, arguing that it was never proven that the stolen liquor was ever on the permit premises. Appellant claimed the evidence to which it stipulated indicated only that the stolen property was in the attached garage, which was not part of a drawing of the permit premises filed with and approved by the ODLC. On September 1, 2005, the common pleas court affirmed the order of the commission to revoke appellant's liquor permit. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT FOUND THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND THE ORDER WAS IN ACCORDANCE WITH LAW.
 {¶ 5} Appellant argues in its assignment of error that the common pleas court erred in finding that the commission's order was supported by reliable, probative, and substantial evidence and was in accordance with law. Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record and determine whether the agency's order is "supported by reliable, probative, and substantial evidence and is in accordance with law." "Reliable" evidence is evidence that is dependable and may be confidently trusted. OurPlace, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571. In order to be reliable, there must be a reasonable probability that the evidence is true. Id. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. Id. "Substantial" evidence is evidence with some weight; it must have importance and value. Id.
 {¶ 6} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'"Lies v. Veterinary Medical Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews v. Bd. of Liquor Control (1955),164 Ohio St. 275, 280. Even though the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, the findings of the agency are not conclusive. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 111.
 {¶ 7} An appellate court's standard of review in an administrative appeal is more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. It is not the function of the appellate court to examine the evidence. Id. The appellate court is to determine only if the trial court has abused its discretion. Id. Abuse of discretion is not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Id. Absent an abuse of discretion on the part of the trial court, an appellate court may not substitute its judgment for that of an administrative agency or a trial court. Id. Nonetheless, an appellate court does have plenary review of purely legal questions in an administrative appeal. Big Bob's, Inc. v. Ohio Liquor ControlComm., 151 Ohio App.3d 498, 2003-Ohio-418, at ¶ 15. Accordingly, we must also determine whether the common pleas court's decision is in accordance with law.
 {¶ 8} In the present case, the commission alleged appellant violated Ohio Adm. Code 4301:1-1-52(B)(7), which provides:
(B) Prohibited activities; no permit holder, his agent, or employee shall knowingly or willfully allow in and upon his licensed permit premises any persons to:
* * *
(7) Obtain or exert control over property or services of another, with purpose to deprive the owner thereof, without the consent of the owner or person authorized to consent, or by deception, fraud or threat. Nor shall any permit holder, his agent, or employee, use the licensed permit premises to receive, retain, or dispose [of] property of another, knowing or having reasonable cause to believe such property has been obtained through the commission of a theft offense.
 {¶ 9} Appellant argues that the commission and the trial court erred because the stipulated facts failed to prove all of the elements necessary for a violation of Ohio Adm. Code4301:1-1-52(B)(7). Specifically, appellant asserts that the stipulated report in question failed to establish that the activities in question occurred "in and upon his licensed permit premises," and that appellant "use[d] the licensed permit premises" to receive the stolen liquor, as required by Ohio Adm. Code 4301:1-1-52(B)(7). Appellant points to the fact that the stipulated report indicates that the stolen property was located in the attached garage that was not included in the permit premises drawing.
 {¶ 10} In affirming the commission, the common pleas court cited Ohio Adm. Code 4301:1-1-79, which provides, in pertinent part:
Warrantless administrative inspections may be conducted by authorized agents or employees of the division of liquor control and the department of public safety or peace officers as defined in section 2935.01 of the Revised Code subject to the following limitations as to time, place and scope:
* * *
(C) Said inspections shall be conducted on that portion of the premises that is included as part of the licensed premises. The licensed premises shall be determined by the most current sketch of the premises on file with the division of liquor control or the department of public safety. Additionally, the licensed premises shall include any part of that building or any other building connected with the licensed premises by direct access or by a common entrance and being used as a subterfuge or means of evading the provisions of Title XLIII of the Revised Code or of the rules of the commission. * * *
(D) * * * In addition, any part of any other building connected with the licensed premises by direct access or by a common entrance and being used as a subterfuge or means of evading the provisions of Title XLIII of the Revised Code or of the rules of the commission will be subject to the same inspection. * * *
The court found appellant's argument drew too fine a distinction and, if accepted, would allow a treasure trove of ill-gotten gain to be stashed near the permit premises or stored in a garage. The court also found significant that, in this case, it was the sole shareholder and operator who was engaged in the nefarious action.
 {¶ 11} Appellant herein contends that, although it concedes that Ohio Adm. Code 4301:1-1-79 allowed agents to search the garage, Ohio Adm. Code 4301:1-1-79 does not allow it to be cited for a violation of Ohio Adm. Code 4301:1-1-52 when the liquor was never on the permit premises. We agree. Ohio Adm. Code 4301:1-1-52
could not be any clearer. That section prohibits certain activities "in and upon [the] licensed permit premises," including "us[ing] the licensed permit premises to receive, retain, or dispose of" the stolen property of another. In the present case, the record contains no evidence indicating the stolen alcohol was ever "in and upon [the] licensed premises[,]" and there is no evidence that appellant ever "use[d]" the licensed permit premises to receive, retain, or dispose of the stolen alcohol. It is undisputed that the sketch of the premises filed with the ODLC in February 1994, does not include the garage area in which Moussaed was observed carrying a case of stolen alcohol and in which the remaining stolen alcohol was recovered. The commission admits there is no evidence that the stolen alcohol was ever within the confines of the actual licensed permit premises.
 {¶ 12} We reject the claim that Ohio Adm. Code 4301:1-1-79
expands the definition of "licensed permit premises" for purposes of enforcing Ohio Adm. Code 4301:1-1-52(B)(7). Nowhere in Ohio Adm. Code 4301:1-1-52(B)(7) is there any indication that "licensed permit premises" should be defined in the broader scope used in Ohio Adm. Code 4301:1-1-79 and, likewise, Ohio Adm. Code4301:1-1-79 does not indicate that its expanded definition of "licensed premises" supercedes the definition of "licensed permit premises" in any other section. If the drafters of those code sections desired such a result, it would have clearly been within their authority to include such. Similarly, we see no reason to question whether the drafters of Ohio Adm. Code 4301:1-1-52(B)(7) inadvertently failed to include some broader definition of "licensed permit premises" than intended. It is apparent the drafters appreciated the distinction between "in and upon" the licensed permit premises and some broader definition of the permit premises, as Ohio Adm. Code 4301:1-1-52(B)(5) prohibits certain other activities "in, upon or about the licensed permit premises." (Emphasis added.)
 {¶ 13} In addition, Ohio Adm. Code 4301:1-1-79 specifically indicates the purposes and limits of its provisions. Initially, the limited subject matter of the section is clear by its title: "Restrictions on warrantless administrative inspections." The first sentence of the rule then explains it has been adopted "to limit the time, place and scope of warrantless administrative inspections of all liquor permit premises, by authorized agents or employees of the division of liquor control and the department of public safety or by any peace officer." Thus, this section specifically relates to only the permissible parameters of a warrantless administrative inspection, and there is no indication it was adopted to serve the additional purpose of altering the scope of other administrative rules.
 {¶ 14} For the above reasons, we find the trial court's decision was not in accordance with the law. Ohio Adm. Code4301:1-1-52(B)(7) prohibits the receipt or retention of stolen property in and upon the permit premises and the use of the permit premises for such purposes. As the activity prohibited by Ohio Adm. Code 4301:1-1-52(B)(7) in the present case indisputably occurred beyond the bounds of the licensed permit premises, as defined by the sketch of the premises on file with the ODLC, we must conclude appellant did not violate Ohio Adm. Code4301:1-1-52(B)(7). Ohio Adm. Code 4301:1-1-79 does not alter the definition of "licensed permit premises" for purposes of Ohio Adm. Code 4301:1-1-52(B)(7). Therefore, appellant's assignment of error is sustained.
 {¶ 15} Accordingly, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court to vacate the commission's order that found a violation of Ohio Adm. Code 4301:1-1-52(B)(7).
Judgment reversed and cause remanded with instructions.
Petree and McGrath, JJ., concur.