OPINION
{¶ 1} Appellant, Johns 3301 Toledo Café, Inc., appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the Ohio Liquor Control Commission ("liquor commission" or "commission") revoking appellant's liquor permit for a violation of former R.C.4301.25(A).[1] For the following reasons, we affirm the judgment of the common pleas court. *Page 2 
 {¶ 2} In July 2002, Anthony T. Elitawi, owner of an Ohio-licensed liquor store, suspected his brother was stealing liquor from his store and selling the stolen liquor to John K. Moussaed, the sole stockholder of appellant and operator of Hot Shotz Bar, in Toledo, Ohio. Accordingly, Mr. Elitawi reported his suspicions to the Ohio Department of Public Safety.
 {¶ 3} Using marked bottles of liquor, agents of the Ohio Department of Public Safety arranged to have Mr. Elitawi's brother deliver four cases of liquor to Mr. Moussaed, who paid $410 to Mr. Elitawi's brother for the marked liquor. During a subsequent administrative search, agents of the Department of Public Safety and the Toledo Police Department later recovered the cases of marked liquor. Mr. Moussaed ultimately was convicted of receiving stolen property, a violation of R.C. 2913.51, and a felony of the fifth degree. See State v. Moussaed, Lucas App. No. L-03-1030, 2003-Ohio-4971 (affirming conviction for receiving stolen property).
 {¶ 4} The Department of Public Safety thereafter charged the liquor permit holder, Johns 3301 Toledo Cafe, with three permit violations. On September 2, 2004, a hearing was held before the liquor commission. Finding that the liquor permit holder violated Ohio Adm. Code4301:1-1-52(B)(7), the liquor commission revoked the permit holder's liquor permit. See, generally, Ohio Adm. Code 4301:1-1-52(B)(7) (providing in part that no permit holder, his agent or employee shall "use the licensed permit premises to receive, retain, or dispose [of] property of another, knowing or having reasonable cause to believe such property has been obtained through the commission of a theft offense").[2] *Page 3 
 {¶ 5} From the liquor commission's order, the permit holder appealed to the Franklin County Court of Common Pleas, which affirmed the commission's order of revocation. From the common pleas court's judgment, the permit holder then appealed to this court. Finding that the common pleas court prejudicially erred, this court reversed the common pleas court's judgment and ordered the common pleas court to vacate its judgment. See Johns 3301 Toledo Cafe, Inc. v. Liquor ControlComm., Franklin App. No. 05AP-1037, 2006-Ohio-1028 (finding that the appellant did not violate Ohio Adm. Code 4301:1-1-52[B][7] because the prohibited activity occurred beyond the bounds of the permit holder's premises).
 {¶ 6} Meanwhile, in a separate action that arose out of the events of July 2002, by citation issued on September 14, 2004, appellant was charged with the following: "1. Convicted felon having interest in permit[;] 2. conviction for felony."
 {¶ 7} By notice of hearing, the Department of Public Safety informed appellant that a hearing would be held before the liquor commission to determine whether appellant's liquor permit should be suspended, revoked, or both, or whether a forfeiture should be ordered for the following violation:
 Violation #1: On or about January 31, 2003, you and/or your agent and/or employee JOHN MOUSSAED and/or your unidentified agent and/or employee was convicted in the Lucas County Common Pleas Court for violating in and upon the permit premises, Section 2913.51 of the Ohio Revised Code (Receiving Stolen Property, a Felony of the Fifth Degree), on July 24, 2002, in violation of Section 4301.25(A), of the Ohio Revised Code. *Page 4 
 {¶ 8} Claiming that the administrative proceeding against appellant for an alleged violation of former R.C. 4301.25(A) violated its due process rights and that the proceeding was precluded due to collateral estoppel, appellant moved the liquor commission in a pre-hearing motion to dismiss the administrative action against it. The commission denied appellant's motion.
 {¶ 9} On June 8, 2006, the matter was heard before the liquor commission. At the hearing, appellant, through its counsel, stipulated to the fact of Mr. Moussaed's conviction. Without objection, the Department of Liquor Control moved to admit documentary evidence into the record. Neither party proffered testimonial evidence at the hearing. By an order mailed on June 20, 2006, the liquor commission subsequently found that appellant violated former R.C. 4301.25(A), and ordered the revocation of appellant's liquor permit, effective July 11, 2006, at noon.[3]
 {¶ 10} From the liquor commission's order of revocation, appellant appealed to the Franklin County Court of Common Pleas. While the matter was pending before the common pleas court, appellant moved the court to stay execution of the commission's order of revocation. The common pleas court granted appellant's motion and stayed execution of the commission's order. Finding that the commission's order was supported by reliable, probative, and substantial evidence and was in accordance with law, the common pleas court later affirmed the commission's order of revocation. *Page 5 
 {¶ 11} From the common pleas court's judgment affirming the liquor commission's order of revocation for a violation of former R.C.4301.25(A), appellant now appeals. Appellant advances two errors for our consideration:
 I. THE ORDER OF THE LIQUOR CONTROL COMMISSION IS NOT IN ACCORDANCE WITH LAW BECAUSE THE HEARING BEFORE THE LIQUOR CONTROL COMMISSION VIOLATED THE LEGAL DOCTRINE OF RES JUDICATA.
 II. THE ORDER OF THE LIQUOR CONTROL COMMISSION IS NOT IN ACCORDANCE WITH LAW BECAUSE THE LIQUOR CONTROL COMMISSION FAILED TO CERTIFY THE ORDER AS REQUIRED BY R.C. 119.09.
 {¶ 12} Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, 280. The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" Lies v. Ohio Veterinary Med. Bd. (1981),2 Ohio App.3d 204, 207, quoting Andrews, at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Conrad, at 111.
 {¶ 13} An appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med.Bd. (1993), *Page 6 66 Ohio St.3d 619, 621, rehearing denied, 67 Ohio St.3d 1439. In Pons, the Supreme Court of Ohio instructed:
 * * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment. * * *
Id. at 621.
 {¶ 14} An appellate court does, however, have plenary review of questions of law. Chirila v. Ohio State Chiropractic Bd. (2001),145 Ohio App.3d 589, 592, citing Steinfels v. Ohio Dept. of Commerce, Div.of Securities (1998), 129 Ohio App.3d 800, 803, appeal not allowed (1999), 84 Ohio St.3d 1488.
 {¶ 15} In its first assignment of error, appellant claims that the legal doctrine of res judicata precluded the liquor commission at the 2006 administrative hearing from considering a claim that appellant violated former R.C. 4301.25(A). Because the commission revoked appellant's liquor permit based on a determination that appellant violated former R.C. 4301.25(A), a basis which appellant claims was precluded by res judicata, appellant reasons that the commission prejudicially erred. Appellant also claims that the common pleas court prejudicially erred by finding that the commission's order of revocation was supported by reliable, probative, and substantial evidence, and that it was in accordance with law. For the reasons set forth below, we disagree. *Page 7 
 {¶ 16} Whether the doctrine of res judicata applies in a case is a question of law. Accordingly, our review of appellant's res judicata claim is de novo. Prairie Twp. Bd. of Trustees v. Ross, Franklin App. No. 03AP-509, 2004-Ohio-838, at ¶ 12; Nye v. Ohio Bd. of Examiners ofArchitects, 165 Ohio App.3d 502, 2006-Ohio-948, at ¶ 12, citingRoss, at ¶ 12; Nationwide Ins. Co. v. Davey Tree Expert Co.,166 Ohio App.3d 268, 2006-Ohio-2018, at ¶ 15. "`[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision.'" Koehring v. Ohio Dept. ofRehab. Corr, Franklin App. No. 06AP-396, 2007-Ohio-2652, at ¶ 10, quoting BP Communications Alaska, Inc. v. Cent. Collection Agency
(2000), 136 Ohio App.3d 807, 812, dismissed, appeal not allowed,89 Ohio St.3d 1464, citing Hall v. Ft. Frye Loc. School Dist. Bd. of Edn.
(1996), 111 Ohio App.3d 690, 694. See, also, Hicks v. Leffler (1997),119 Ohio App.3d 424, 427 (stating that de novo review requires an appellate court to review a judgment independently without deferring to the trial court).
 {¶ 17} "The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." Grava v. ParkmanTwp. (1995), 73 Ohio St.3d 379, 381.
 {¶ 18} The Third District Court of Appeals has observed:
 The term "res judicata" has several different meanings, depending on the context in which the term is used. Res judicata has been used in a broad way to include both major aspects of former adjudication, encompassing claim preclusion and issue preclusion. In order to give more consistency to the use of terms in this area of the law, the accepted current usage of res judicata falls within this broad sense. Authorities now generally prefer the use of the term "claim preclusion" to refer to what in the past has been the narrow use of res judicata, and also prefer the use of the term *Page 8 
"issue preclusion" to refer to what in the past has been called collateral estoppel. * * *
Wilson v. Semco, Inc. (2002), 152 Ohio App.3d 75, 80-81. (Footnote omitted.)
 {¶ 19} In Grava, the Supreme Court of Ohio explained that "[i]n recent years, this court has not limited the doctrine of res judicata to bar only those subsequent actions involving the same legal theory of recovery as a previous action. * * * `It has long been the law of Ohio that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might havebeen litigated in a first lawsuit."'" Grava, at 382, quoting Natl.Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62, certiorari denied (1991), 498 U.S. 1120, 111 S.Ct. 1075, quoting Rogers v.Whitehall (1986), 25 Ohio St.3d 67, 69. (Emphasis sic.) See, also,Grava, at 382 (remarking that "[w]e also declared that `[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it' "). (Citations omitted.) Cf. Black's Law Dictionary (8 Ed. 2004) 1337 (defining "res judicata" as, among other things, "[a]n affirmative defense barring the same parties from litigating a second lawsuit on the same claim, or any other claim arising from the same transaction or series of transactions and that could have been — but was not — raised in the first suit").
 {¶ 20} Construing Grava, in Holzemer v. Urbanski (1999),86 Ohio St.3d 129, the Supreme Court of Ohio also has remarked:
 * * * In Grava * * * this court adopted an expansive view of claim preclusion, holding at syllabus, that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." In addition, "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." * * * *Page 9 
Id. at 133, quoting Rogers, at 69; Natl. Amusements, Inc., at 62;Grava, at 382. See, also, Holzemer, at 133, fn. 2.[4]
 {¶ 21} Here, the branch of res judicata implicated by appellant's first assignment of error concerns claim preclusion rather than issue preclusion. Cf. Thompson v. Wing (1994), 70 Ohio St.3d 176, 183
(discussing issue preclusion, also known as collateral estoppel).[5]
 {¶ 22} In Grava, besides adopting an expansive view of claim preclusion, the Supreme Court of Ohio also explained that the doctrine of res judicata may be applied to administrative proceedings of a quasi-judicial nature. The Grava court stated:
 In Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals (1987), 31 Ohio St.3d 260, 31 OBR 463, 510 N.E.2d 373, paragraph one of the syllabus, this court held that "[t]he doctrine of res judicata applies to the decisions of a township board of zoning appeals relating to the grant or denial of variances * * *." We explained that res judicata, whether claim preclusion or issue preclusion, applies to administrative proceedings that are "`of a judicial nature and where the parties have had an ample opportunity to litigate the issues *Page 10 
involved in the proceeding.'" Id. at 263, 31 OBR at 465, 510 N.E.2d at 376 (quoting Superior's Brand v. Lindley [1980], 62 Ohio St.2d 133, 16 O.O.3d 150, 403 N.E.2d 996, syllabus). See, also, Consumers' Counsel v. Pub. Util. Comm. (1985), 16 Ohio St.3d 9, 16 OBR 361, 475 N.E.2d 782.
Id. at 381. See, also, In re Lima Mem. Hosp. (1996),111 Ohio App.3d 225, 229 (wherein this court stated that "[t]he doctrines of resjudicata and collateral estoppel preclude relitigation of claims or issues which were litigated or could have been litigated in a prior action. * * * Both doctrines are applicable to administrative hearings of a quasi-judicial nature") (citations omitted); United Food Commercial Workers Union, Local 1059, AFL-CIO v. Pillsbury Co. (2000),138 Ohio App.3d 427, 434.
 {¶ 23} "Administrative proceedings are deemed quasi-judicial if notice, a hearing and an opportunity to introduce evidence are afforded." In re Lima Mem. Hosp., at 229, citing Superior's Brand Meats,Inc. v. Lindley (1980), 62 Ohio St.2d 133, 136. Cf. United Food Commercial Workers Union, Local 1059, AFL-CIO, at 434, citing M.J.Kelley Co. v. Cleveland (1972), 32 Ohio St.2d 150 (stating that "[proceedings of administrative agencies are neither judicial nor quasi-judicial in nature when they (1) do not require notice, (2) do not require a hearing, and (3) when the parties do not have the opportunity to introduce evidence").
 {¶ 24} Here, at the liquor commission's hearings in 2004 and 2006, appellant was afforded notice, a hearing, and an opportunity to introduce evidence into the record. See, generally, Ohio Adm. Code4301:1-1-65 (specifying procedures for hearings before liquor *Page 11 
commission, which include, among other things, notice, a hearing, and an opportunity to introduce evidence into the record); [6] see, also, R.C. 4301.04(B) and R.C. Chapter 119.
 {¶ 25} Accordingly, the liquor commission's hearings in 2004 and 2006 concerning alleged violations by appellant were quasi-judicial in nature. The doctrine of res judicata potentially could apply to the 2006 hearing before the liquor commission, wherein the commission considered whether appellant violated former R.C. 4301.25(A)(1). Grava, at 381;In re Lima Memorial Hosp., at 229.
 {¶ 26} To rebut appellant's contention that the doctrine of res judicata has preclusive effect in this case, the liquor commission relies in part on Davis v. Wal-Mart Stores, Inc. (2001),93 Ohio St.3d 488, motion for clarification of merits opinion denied,94 Ohio St.3d 1407. In Davis, Bernadine Davis, the wife of a fatally injured worker, brought a claim against Wal-Mart Stores, Inc. ("Wal-Mart") and a co-worker of her husband. Decedent's wife settled her claim against her husband's co-worker and dismissed her survivor claim against Wal-Mart. Davis's remaining claim against Wal-Mart for wrongful death, based upon an intentional tort, was tried before a jury, which rendered a judgment in Davis's favor.
 {¶ 27} During post-trial proceedings for prejudgment interest, Davis later came to believe that Wal-Mart had withheld evidence and that several employees of Wal-Mart provided false or misleading testimony during depositions in the intentional tort case.
 {¶ 28} Davis thereafter filed a new action, alleging that Wal-Mart's spoliation of evidence had led her to dismiss her survivor claim, and that the dismissal prevented her *Page 12 
from seeking additional compensatory and punitive damages. Claiming res judicata, Wal-Mart moved for summary judgment on Davis's claim of tortious interference with evidence. The trial court granted Wal-Mart's summary judgment motion.
 {¶ 29} Finding that the claim of tortious interference with evidence and the previous claim of intentional tort did not arise out of the same set of operative facts, and therefore, res judicata did not bar the claim for tortious interference with evidence, an appellate court reversed the trial court's judgment. On discretionary appeal, the Supreme Court of Ohio affirmed the appellate court's judgment.
 {¶ 30} Besides agreeing with the appellate court's finding that the claim of tortious interference with evidence and the claim of intentional tort did not arise out of the same set of operative facts, the Davis court, at 491, also noted "that res judicata is not a shield to protect the blameworthy." The Davis court explained:
 * * * "`The doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time, but rather a rule of fundamental and substantial justice, or public policy and of private peace. The doctrine may be said to adhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require, and that it is not applied so rigidly as to defeat the ends of justice or so as to work an injustice.'" * * *
Id. at 491, quoting Grava, supra, at 386 (Douglas, J., dissenting), quoting 46 American Jurisprudence 2d (1994) 786-787, Judgments, Section 522. (Emphasis sic.)
 {¶ 31} The Davis court further stated:
 * * * There is something wrong with a legal doctrine that could be used in a situation like the one before us to reward a party for misrepresenting or destroying evidence. Whether Wal-Mart actually committed those acts is for a jury to determine. *Page 13 
Given the facts of this case, Wal-Mart will not be shielded by res judicata.
Id at. 491.
 {¶ 32} Although Davis is factually distinguishable from this case, we nonetheless recognize, as did the Davis court, that res judicata is a rule of fundamental and substantial justice, and, echoingDavis's stance, we find there is something wrong with a legal doctrine that could be used to shield a permit holder whose sole stockholder has been convicted of a felony from facing potential consequences for this felony conviction in an administrative proceeding regarding the maintenance of a governmentally regulated privilege. See, e.g.,Ronic, Inc. v. Ohio Liquor Comm., Franklin App. No. 02AP-1244, 2003-Ohio-3188, at ¶ 21, fn. 4 (stating that "[a] liquor permit is a privilege, and the state has every reason to expect its licensees to know and abide by its rules and regulations").
 {¶ 33} Furthermore, "[w]hile res judicata does apply to administrative proceedings, it should be applied with flexibility." Jacobs v. Teledyne,Inc. (1988), 39 Ohio St.3d 168, 171, citing Independence v. Maynard
(1985), 25 Ohio App.3d 20, certiorari denied (1986) sub nom. City ofIndependence, Ohio v. Tyler, 475 U.S. 1082, 106 S.Ct. 1459. "The doctrine should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice."Jacobs, at 171, citing Tipler v. E.I. du-Pont deNemours Co. (C.A. 6, 1971), 443 F.2d 125.
 {¶ 34} In the present case, in July 2002, when appellant was cited for allegedly violating Ohio Adm. Code 4301:1-1-52(B)(7), appellant simultaneously could not have been cited for a violation of former R.C.4301.25(A) because the permit holder's agent's felony conviction, the basis for appellant's alleged violation of former R.C. 4301.25(A), *Page 14 
was not rendered until 2003. Furthermore, at the 2004 hearing wherein appellant's alleged violation of Ohio Adm. Code 4301:1-1-52(B)(7) was considered by the commission, evidence of appellant's agent's felony conviction was not required to establish proof of a violation of Ohio Adm. Code 4301:1-1-52(B)(7). Therefore, although the administrative hearings in 2004 and 2006 shared identical facts, namely, appellant's agent's acceptance of stolen liquor in exchange for $410, these two administrative proceedings were not based on the same general cause of action. See, e.g., State ex rel. White v. Franklin Cty. Bd. ofElections (1992), 65 Ohio St.3d 45, 47, citing Norwood v. McDonald
(1943), 142 Ohio St. 299, 311 (disagreeing with a contention that, under the facts of the case, the case be dismissed on basis of res judicata and observing that "[t]he most accurate test for deciding if two cases are based on the same cause of action is whether different proof is required to sustain them"). See, also, Independent Ins. Agents of Ohio,Inc. v. Duryee (1994), 95 Ohio App.3d 7, 12-13 (Petree, J., dissenting), appeal not allowed, 70 Ohio St.3d 1448.
 {¶ 35} Moreover, the rules of the liquor commission do not appear to contemplate amending notices of opportunity for hearing, or consolidating separate administrative actions before the commission. See, e.g., former Ohio Adm. Code 4301:1-1-65(D) (procedure for hearings before the liquor commission) (failing to provide for consolidation of administrative proceedings or amendment of notices of opportunity for hearing, but providing in part that in hearings before the liquor commission "the production of evidence shall be governed in general by the rules of evidence and burden of proof required by Ohio courts in civil cases"). Cf. Ohio Adm. Code 4112-3-05(D) and (F) (rules of Ohio Civil Rights Commission) (providing, among other things, that a complaint may be amended at *Page 15 
any time prior to issuance of a final order on such complaint; that Ohio Civ.R. 15[C] governs whether an amendment relates back to the date of the filing of the earlier complaint; and that "[t]he commission or administrative law judge may, in their discretion, consolidate two or more complaints into a single proceeding at any time prior to public hearing").
 {¶ 36} Also, as this case arose in an adjudicatory proceeding before an administrative agency, the Ohio Rules of Civil Procedure could not have served to require the liquor commission to consolidate the alleged violations of Ohio Adm. Code 4301:1-1-52(B)(7) and former R.C. 4301.25(A) prior to the September 2004 hearing. See Vaughn v. State Med. Bd. (Aug. 6, 1991), Franklin App. No. 90AP-1160 (observing that Ohio Rules of Civil Procedure are not binding in adjudicatory proceedings before administrative agencies). Cf. Ohio Adm. Code 3745-47-19(H) (procedural rules of Ohio Environmental Protection Agency) (providing that "[a]mendment of adjudication hearing requests and objections may be made in the same manner as the `Ohio Rules of Civil Procedure' allow amendment of complaints").
 {¶ 37} Moreover, even assuming that the Department of Liquor Control had moved the liquor commission to consolidate the administrative proceedings regarding alleged violations of Ohio Adm. Code4301:1-1-52(B)(7) and former R.C. 4301.25(A) prior to the September 2004 hearing, and assuming that the Ohio Rules of Civil Procedure were binding on the liquor commission, whether the commission would have granted the Department of Liquor Control's motion and consolidated the administrative actions is, at best, uncertain. See, e.g., State ex rel.Wargo v. Price (1978), 56 Ohio St.2d 65, 66 *Page 16 
(stating that amendment of pleadings by leave of court under Civ.R. 15[A] is a matter of judicial discretion).
 {¶ 38} Consequently, recognizing that the legal doctrine of res judicata should be applied with flexibility to administrative proceedings, Jacobs, supra, at 171, under the particular facts of this case, we do not find that at the June 2006 hearing the Department of Liquor Control was precluded by res judicata from claiming that appellant violated former R.C. 4301.25(A); that the commission prejudicially erred by considering whether appellant violated former R.C. 4301.25(A); and that the common pleas court erred by finding that res judicata did not prevent the commission from revoking appellant's liquor permit based on a violation of former R.C. 4301.25(A).
 {¶ 39} Accordingly, for the reasons set forth above, we overrule appellant's first assignment of error.
 {¶ 40} Relying on Hughes v. Ohio Dept. of Commerce, 114 Ohio St.3d 47,2007-Ohio-2877, in its second assignment of error appellant asserts that the liquor commission's order is not in accordance with law because the commission failed to certify its order as required by R.C. 119.09.
 {¶ 41} In Hughes, the Supreme Court of Ohio held in part: "An administrative agency must strictly comply with the procedural requirements of R.C. 119.09 for serving the final order of adjudication upon the party affected by it before the 15-day appeal period prescribed in R.C. 119.12 commences." Id. at paragraph one of the syllabus; id. at ¶ 19. See, also, R.C. 119.09.[7] *Page 17 
 {¶ 42} Hughes was issued approximately one month before the common pleas court issued its judgment. However, after Hughes was issued, appellant failed to advance a claim of error based on Hughes in the common pleas court. Because appellant failed to raise a claim of error based on Hughes before the common pleas court, we find that appellant has forfeited this issue for appellate purposes. See Colonial VillageLtd. v. Washington Cty. Bd. of Revision, 114 Ohio St.3d 493,2007-Ohio-4641, at ¶ 15 (stating that "[b]ecause the certification issue in Hughes had been raised in the lower tribunal, the issue was preserved; the failure to raise the jurisdictional issue at the [board of tax appeals] in this case means that it is barred"). Cf. State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 21 (stating that "[b]ecause Blakely was announced prior to [appellant's] plea and sentence, and because we conclude that the error is not structural, in failing to make a Blakely objection, [appellant] forfeited the issue for appellate purposes").
 {¶ 43} Finding that appellant has forfeited the issue raised in its second assignment of error, we shall not consider it here. See, generally, State v. Peagler (1996), 76 Ohio St.3d 496, 499 (recognizing that App.R. 12[A][2] provides an appellate court with discretion to decide whether to address an issue not briefed or raised below);O'Brien v. Product Design Center, Inc. (Mar. 31, 2000), Franklin App. No. 99AP-584, dismissed, appeal not allowed, 90 Ohio St.3d 1402, citingPeagler; State v. 1981 Dodge Ram Van (1988), 36 Ohio St.3d 168, 170, citing Hungler v. Cincinnati (1986), 25 Ohio St.3d 338 (stating that "under App.R. 12[A][2], this court has discretion in addressing an issue not briefed or raised in the trial court"). *Page 18 
 {¶ 44} For the reasons set forth above, we therefore overrule appellant's second assignment of error.
 {¶ 45} Accordingly, having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE, KLATT and SADLER, JJ., concur.
[1] After the liquor commission issued its order, R.C. 4301.25 was amended by (2006) Am. Sub. H.B. No. 23, effective August 17, 2006.
[2] Ohio Adm. Code 4301:1-1-52 was amended, effective February 20, 2004. See 2003-2004 Ohio Monthly Record 2170. Prior to this amendment, division (B)(7) of Ohio Adm. Code 4301:1-1-52 provided that no permit holder, his agent or employee shall knowingly or willfully allow in and upon licensed premises any persons to "[c]ommit improper conduct of any kind, type, or character that would offend the public's sense of decency, sobriety or good order."
[3] Former R.C. 4301.25(A)(1) permitted the liquor commission to revoke a liquor permit for a felony conviction of a permit holder's agent, or employee. R.C. 4301.25(A)(1), as amended, also permits the liquor commission to revoke a liquor permit for a felony conviction of a permit holder's agent, or employee.
[4] In a footnote, the Holzemer court observed: "In order to avoid the possible misleading connotations in this context of the phrase `claims which might have been litigated' in the first lawsuit, some courts prefer to refer instead to `claims which should have been litigated' in the first lawsuit. See, e.g., Wilkins v. Jakeway (S.D.Ohio 1998), 993 F.Supp. 635, 645." Id. at 133, fn. 2.
[5] In Thompson, the Supreme Court of Ohio explained:
 Collateral estoppel (issue preclusion) prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action. * * *
Id. at 183, citing Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108, paragraph two of the syllabus. Paragraph two of the syllabus inWhitehead was later overruled to the extent inconsistent withGrava, supra. See Grava, at syllabus; see, also, State ex rel. Stacy v.Batavia Loc. School Dist. Bd. of Edn., 97 Ohio St.3d 269,2002-Ohio-6322, at ¶ 16, reconsideration denied, 97 Ohio St.3d 1500,2002-Ohio-7367 (discussing doctrine of issue preclusion, also known as collateral estoppel).
[6] Effective August 7, 2006, Ohio Adm. Code 4301:1-1-65 was amended. See 2006-2007 Ohio Monthly Record 84-85. The amendments to Ohio Adm. Code4301:1-1-65, however, did not substantially alter requirements concerning notice, a hearing, and an opportunity to introduce evidence into the record.
[7] R.C. 119.09 provides in part that "[an] agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representatives of record representing the party." *Page 1