OPINION
{¶ 1} Appellant, the Ohio Department of Commerce, Division of Real Estate and Professional Licensing, appeals from a judgment of the Franklin County Court of Common Pleas reversing the decision of the Ohio Real Estate Commission ("commission") to sanction appellee, Lesley Strausbaugh, for violations of R.C. 4735.02. *Page 2 
For the following reasons, we reverse that judgment and remand the matter for further proceedings.
 {¶ 2} By letter dated October 5, 2006, appellant notified Strausbaugh, who is not a licensed real estate broker, that its investigation revealed reasonable and substantial evidence that she violated R.C. 4735.02. That statute prohibits any person from acting as a real estate broker without a license. R.C. 4735.01(A) sets forth a variety of acts that may only be performed by a licensed real estate broker if the person performing those acts receives a fee, commission, or other valuable consideration. Among the acts that require a license are negotiating, leasing, or managing the rental of any building to the public for a fee, commission, or other valuable consideration. Appellant alleged that Strausbaugh was paid to execute or negotiate leases and to engage in property management with respect to a number of properties in Windham, Ohio and that she did not have a real estate license. See R.C. 4735.01(A)(5).
 {¶ 3} On November 29, 2006, Strausbaugh appeared with counsel before the Ohio Real Estate Commission[1] and stipulated to the facts supporting the violations alleged against her. Specifically, she agreed that she negotiated and/or executed seven leases, and that she engaged in property management by: placing advertisements, distributing and receiving rental applications, collecting rent payments, posting three-day eviction notices, collecting work orders, informing the property owner of information about tenants, serving as the point of contact for the owner with others, and doing walkthroughs with tenants. Her counsel argued that the stipulated facts did not constitute violations of R.C. 4735.02 and that, alternatively, even if some of the acts were technical *Page 3 
violations, they did not warrant a sanction. The Commission disagreed and determined that Strausbaugh committed 31 violations of R.C. 4735.02
(seven lease and 24 property management violations) and imposed a $15,500 civil penalty.
 {¶ 4} Strausbaugh appealed the Commission's decision to the Franklin County Court of Common Pleas. After rejecting her procedural arguments, the trial court determined that the compensation Strausbaugh received for her services was not a fee, commission, or other valuable consideration under R.C. 4735.01(A).[2] Therefore, the trial court reversed the Commission's decision. The trial court then went further and analyzed whether Strausbaugh needed a license to perform certain conduct. The court held that Strausbaugh needed a license to execute leases on behalf of the landlord/property owner. However, the trial court determined that other services provided by Strausbaugh were "far less easy to attribute to the activities usually connoted to be real estate broker activity." Without making specific findings, the trial court determined that Strausbaugh provided some services that required a real estate broker's license and some services that did not require a license. Because the trial court found that some of Strausbaugh's conduct did not require a license and, therefore, were not violations of R.C. 4735.02, it found that "the penalty imposed may not stand."[3]
 {¶ 5} Appellant appeals and assigns the following errors:
 [1] APPELLEE-APPELLANT FAILED TO CERTIFY THE FINAL ORDER IN ACCORDANCE WITH R.C. 119.09, *Page 4 
THEREFORE, THE LOWER COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR THE APPEAL.
 [2] ASSUMING THIS COURT HAS SUBJECT MATTER JURISDICTION, THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT APPELLANT-APPELLEE DID NOT RECEIVE A FEE, COMMISSION, OR OTHER VALUABLE CONSIDERATION.
 {¶ 6} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law.Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87; Belcher v.Ohio State Racing Comm., Franklin App. No. 02AP-998, 2003-Ohio-2187, at ¶ 10. Reliable, probative and substantial evidence has been defined as follows:
 * * * (1)`Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2)`Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3)`Substantial' evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571.
 {¶ 7} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd.of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the Commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term abuse *Page 5 
of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the Commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. of CincinnatiCollege of Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, 343.
 {¶ 8} In its first assignment of error, appellant, relying onHughes v. Ohio Dept. of Commerce, 114 Ohio St.3d 47, 2007-Ohio-2877, contends that the trial court lacked subject matter jurisdiction to hear this appeal because appellant did not comply with the procedural requirements of R.C. 119.09. We disagree.
 {¶ 9} The Hughes decision was issued two months before the trial court's decision and three months before the trial court issued its judgment entry in this case. Appellant, however, failed to advance a claim of error based on Hughes in the trial court. Appellant's failure to raise this issue before the common pleas court forfeits this issue for appellate purposes. Colonial Village Ltd. v. Washington Cty. Bd. ofRevision, 114 Ohio St.3d 493, 2007-Ohio-4641, at ¶ 15; Johns 3301 ToledoCafé, Inc. v. Liquor Control Comm., Franklin App. No. 07AP-632,2008-Ohio-394, at ¶ 42-43 ("Because appellant failed to raise a claim of error based on Hughes before the common pleas court, we find that appellant has forfeited this issue for appellate purposes.") Thus, we will not consider the issue. Appellant's first assignment of error is overruled.
 {¶ 10} Appellant contends in its second assignment of error that the trial court erred when it determined that Strausbaugh did not receive a fee, commission, or other valuable consideration as required by R.C. 4735.01(A). We agree. *Page 6 
 {¶ 11} In 2005 and 2006, Strausbaugh performed "property management" for For R Sons, LLC. It appears that Strausbuagh needed a license to perform at least some of those services if she received a fee, commission, or other valuable consideration. R.C. 4735.01(A). In that time period, Strausbaugh received almost $25,000 in compensation (wages and bonuses) from For R Sons, LLC. Strausbaugh's receipt of compensation for these services falls squarely under the "other valuable consideration" category of payments set forth in R.C. 4735.01(A). Therefore, the trial court abused its discretion when it determined that the compensation Strausbaugh received for her services was not a fee, commission, or other valuable consideration under R.C. 4735.01(A). Appellant's second assignment of error is sustained.[4]
 {¶ l2} We must also remand this matter to the trial court to determine the total number of violations Strausbaugh committed and the sanctions that can be lawfully imposed for those violations. Pursuant to R.C. 4735.052(C), appellant may assess a civil penalty of no more than $1,000 for each violation of R.C. 4735.02. The trial court, having found that some of Strausbaugh's conduct did not violate the statute (a finding appellant does not assign as error in this appeal), determined that the penalty imposed by the appellant could not stand. Except for the seven lease violations that it clearly affirmed, we cannot discern from the trial court's decision how many of the remaining violations it affirmed or reversed. Because the trial court did not state how many of the violations it affirmed, we cannot determine whether the trial court abused its discretion in reversing *Page 7 
the sanction against Strausbaugh. For example, if the trial court only affirmed the seven lease violations, the $15,500 penalty would not be lawful because the maximum penalty that appellant could impose would be $7,000. If the trial court affirmed at least 16 of the violations, the trial court would abuse its discretion by reversing the sanction. SeeHenry's Café Inc. v. Bd. of Liquor Control (1959), 170 Ohio St. 233.
{Para; 13} Accordingly, we overrule appellant's first assignment of error and sustain appellant's second assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas, and we remand the matter to the trial court for further proceedings consistent with law and this opinion.
Judgment reversed and cause remanded.
SADLER and FRENCH, JJ., concur.
[1] R.C. 4735.052 empowers the Commission to hear complaints concerning violations of R.C. 4735.02.
[2] As defined in R.C. 4735.01(A), a real estate broker includes any person that performs certain acts "for a fee, commission, or other valuable consideration, or with the intention, or in the expectation, or upon the promise of receiving or collecting a fee, commission, or other valuable consideration * * *."
[3] In its judgment entry, the trial court only reversed the Commission's decision. In its decision, however, the trial court also determined (in the alternative, in case this court found error in the trial court's decision and affirmed portions of the Commission's decision), that a more appropriate penalty should be $1,500, in light of the trial court's finding that the Commission did not consider Strausbaugh's mitigation evidence and that all of the violations were not proved by sufficient evidence.
[4] We also note that a person who performs the conduct specified in the statute with the intention, expectation, the or promise of receiving or collecting a fee, commission, or other valuable consideration, must have a license. Strausbaugh negotiated or executed the seven leases at issue for an entity known as L M Management. Although there is no evidence that she received any compensation from L M Management, Strausbaugh stipulated at the hearing that this conduct occurred "with the intention of receiving or expecting to receive compensation or valid consideration." Therefore, this conduct would also have violated R.C. 4735.02.