SUPERIOR'S BRAND MEATS, INC., APPELLANT, *v.*
LINDLEY, TAX COMMR., APPELLEE.

[Cite as Superior's Brand v. Lindley (1980),
62 Ohio St. 2d 133.]

(No. 79-796—Decided April 30, 1980.)

134

*Messrs. Miller & Noga* and *Mr. Ronald B. Noga,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

CELEBREZZE, C. J.   The basis of the Board of Tax Appeal's decision in the case at bar is the doctrine of collateral estoppel. This issue was not raised in the disposition of appellant's application for a refund until the October, 1978, hearing before the Board of Tax Appeals. Appellant argues that the Tax Commissioner, by failing to utilize the doctrine in denying the application for a refund, waived its use before the

board. Appellant analogizes the Tax Commissioner's failure to impose the doctrine to the failure of a party in a civil action to assert the doctrine in the pleadings.

Sales and use tax assessment cases do not become adversarial until the taxpayer appeals the Tax Commissioner's final order to the Board of Tax Appeals. The taxpayer appeals by filing a notice of appeal, and the record and order are then transmitted to the board. The commissioner's determination is rendered before he is aware an appeal has been made. The taxpayer files nothing else before the hearing is held. The Civil Rules cannot be directly applied in such cases.

It is clear from the transcript that ample notice of the use of the doctrine of collateral estoppel was given the taxpayer as well as a full opportunity to argue the issue before the board. The doctrine of collateral estoppel was not waived.

This court must decide whether the doctrine of collateral estoppel can be applied to decisions rendered by administrative bodies. This is a question this court has not faced squarely in the past.

The doctrine of collateral estoppel is an important element of our legal system. It provides a necessary degree of finality to decisions rendered by our courts. Finality is a desirable objective in administrative proceedings as well.

We recognize the need for flexibility in applying the doctrine of collateral estoppel to the administrative decision-making process; however, because of the need for finality, we hold that ordinarily where an administrative proceeding is of a judicial nature and where the parties have had an adequate opportunity to litigate the issues involved in the proceeding, the doctrine of collateral estoppel may be used to bar litigation of issues in a second administrative proceeding. In so ruling we join numerous courts including the United States Supreme Court. *United States* v. *Utah Construction & Mining Co.* (1966), 384 U. S. 394. See Davis, Administrative Law Text (3 Ed. 1972), Section 18.01 *et seq.*

Decisions of the Board of Tax Appeals regarding sales tax assessments are well suited for application of the doctrine. Proceedings before the board in such cases are judicial in nature and normally give parties ample opportunity to litigate the issues.

In *State, ex rel. Republic Steel Corp.,* v. *Ohio Civil Rights Comm.* (1975), 44 Ohio St. 2d 178, we said, at page 184, "proceedings of administrative agencies are considered quasi-judicial if there is notice, a hearing, and an opportunity for introduction of evidence." In an appeal of a petition for reassessment of sales tax pursuant to R. C. 5717.02, all of these elements are present. The board is clearly acting in a judicial capacity.

The taxpayers before the board are normally represented by legal counsel, as was Superior in case No. C-149. The parties had ample opportunity to litigate the issues which were decided by the board. As a consequence, in the absence of countervailing considerations, the doctrine of collateral estoppel could lawfully be applied by the Board of Tax Appeals in the case at bar.

Appellant argues that there are countervailing considerations involved. It contends that the legislative intent in providing both a reassessment and a refund provision was to preclude use of the doctrine of collateral estoppel. Appellant contends further that a recent ruling by the board clarifying the definition of what constitutes real property makes it unjust to apply the doctrine of collateral estoppel herein.

The General Assembly, in enacting both a reassessment and a refund provision, provided alternative methods of appealing assessments. The legislature, though, did not intend to provide redundant methods of relitigation. It would be absurd and unreasonable for the legislature to have provided for a system whereby taxpayers could receive advisory opinions on matters and then relitigate them in a subsequent request for a refund, or to have provided a system whereby a taxpayer could relitigate issues with the unlikely expectancy of a reversal of position by the board. It is presumed that the General Assembly does not enact laws producing unreasonable or absurd consequences. *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47.

The legislative intent in enacting both R. C. 5739.13 and 5739.07 was to provide taxpayers full opportunity to appeal assessments. If a taxpayer acts promptly, he may avoid payment altogether, assuming the law and facts are in his favor, or he may pay the assessment and appeal after the fact. The

system also allows some accounting to be made for changes of circumstance. The use of collateral estoppel, however, is not prohibited.

While it may be true, as suggested by appellant, that a current ruling on an issue could be reason for not utilizing the doctrine of collateral estoppel, the ruling by the board clarifying the definition of real property does not fall in that category because the definition of real property is not relevent to the disposition of the case at bar. The property assessed was, at the time of transfer, tangible personal property, not real property. It could only be exempted from the sales tax if it was exempted under R. C. Chapter 5739. The only possible exemption for this property is the one previously asserted in case No. C-149 which requires that there be a construction contract.

In case No. C-149 the board held that there was no construction contract. This is a conclusive finding of fact. If applicable in the case at bar it is determinative of the issue of exemption regardless of whether the Bally Box is real property.

Where there is identity of parties and of issues, an earlier decision may be used to bar litigation of identical issues in a later case involving a different cause of action under the doctrine of collateral estoppel. *State, ex rel. Westchester, v. Bacon* (1980), 61 Ohio St. 2d 42.

The parties involved in case No. C-149 are identical to those involved in the case at bar. The construction contract issue involved in case No. C-149 is also an issue in the case at bar. Under the doctrine of collateral estoppel, litigation of the construction contract issue is barred in the instant case and the exemption was properly held to be unavailable.*

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

* Although there were portions of the conveyor system which were not directly involved in case No. C-149, the issue of an exemption for the system was decided in that case against the taxpayer because there was no showing of a construction contract. Further litigation of the issue is barred by its resolution in the earlier case.