OPINION
In 1993, appellee, Christina Moffa, filed an application for a C1-C2 liquor permit for premises located at 710 Shorb Avenue N.W. Canton, Ohio. A hearing before the Ohio Department of Liquor Control was held on October 28, 1993. By order dated March 7, 1994, the Director denied appellee's application. Appellee appealed this order to appellant, the Ohio Liquor Commission, and a de novo hearing was held on October 6, 1994. By order dated January 27, 1995, appellant affirmed the Director's order. Appellee then appealed to the Court of Common Pleas of Franklin County, Ohio. By judgment entry filed August 30, 1995, the trial court affirmed appellant's order. On February 1, 1996, appellee filed a new application for a C1-C2 liquor permit for the same premises. A hearing before the Department was held on May 23, 1996. By order dated August 2, 1996, the Director again denied appellee's application. Appellee appealed this order to appellant and a hearing was held on May 6, 1997. By order dated January 29, 1998, appellant found the doctrine of res judicata applied, dismissed the application and affirmed the Director's order. Appellee then appealed to the Court of Common Pleas of Stark County, Ohio. By judgment entry filed October 15, 1998, the trial court reversed appellant's order and remanded the case for a de novo hearing. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE LOWER COURT ABUSED ITS DISCRETION BY (1) SUBSTITUTING ITS OPINION FOR THAT OF THE LIQUOR COMMISSION AND (2) FOR MISINTERPRETING SECTION 4301.04, REVISED CODE, AND SECTION 4301:1-1-65 OF THE ADMINISTRATIVE CODE, TO REQUIRE THAT A HEARING ON THE MERITS OF LICENSE OBJECTIONS IS REQUIRED WHERE RE-LITIGATION IS BARRED BY RES JUDICATA.
 II ABSENT THE APPLICANT'S SHOWING OF MATERIALLY CHANGED CIRCUMSTANCES, THE DOCTRINE OF RES JUDICATA IS APPLICABLE TO A DECISION OF LIQUOR CONTROL IN REJECTING A SECOND LIQUOR LICENSE APPLICATION WHERE THE APPLICANT AND LOCATION ARE THE SAME, AND THE MAJOR GROUNDS FOR REJECTION ARE UNCHANGED.
 I, II
Appellant claims the trial court abused its discretion in remanding the matter for a de novo hearing thereby rejecting its dismissal based upon the doctrine of res judicata. We disagree. In reviewing an order from the liquor control commission, a trial court may affirm the order if it is "supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. In Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571, Justice Wright defined these terms as follows: (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probativell' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value. (Footnotes omitted.)
Our review is more limited. We do not examine the evidence. As stated by Justice Sweeney, Sr. in Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621: The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board, or a trial court. Instead, the appellate court must affirm the trial court's judgment. Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 260-261,533 N.E.2d 264, 266. See also, Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705,707, 590 N.E.2d 1240, 1241.
By judgment entry filed October 15, 1998, the trial court found appellant was required to provide appellee with a de novo hearing under R.C. 4301.03 and Ohio Adm. Code 4301:1-1-65(C)(D) and (E) and such was not provided to appellee on her second application. The trial court further found appellant's decision based upon res judicata was in error. By order dated August 2, 1996, the Director rejected appellee's second application on the following grounds: 1) The doctrine of res judicata, namely collateral estoppel, bars the re-litigation and issuance of the captioned permit to the applicant, Christina M. Moffa, inasmuch as the same parties and same issues were previously litigated before the Liquor Control Commission and affirmed by the Court of Common Pleas of Franklin County, Ohio, which resulted in a determination on the merits adverse to Christina M. Moffa from which no further appeal was taken. R.C. 4301.10(A)(2), R.C. 4303.292, and R.C. 119.12.
2) The place for which the permit is sought is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace or good order would result from the issuance of the permit and operation thereunder by the applicant. R.C. 4303.292(A)(2)(c).
3) Permit establishments have been operated at the captioned location and the present applicant would operate her liquor permit business in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of this state. R.C.4303.292(A)(1)(b).
At the May 6, 1997 hearing before appellant, appellant dismissed the case based upon the doctrine of res judicata alone and did not permit the taking of evidence: CHAIRMAN EDWARDS: * * * The previous case was concluded on or about August 30th. That's the entry of 1995. Less than six months later the prospective applicant filed another application for the same type of permit C-1/C-2. The previous order I believe was for a C-1.
Therefore, the Commission is going to find that the motion, especially as to the doctrine of res judicata, collateral estoppel applies in this case and would grant the motion to dismiss and uphold the director's order that the case had previously been litigated.
MR. ZIRPOLOY(SIC): I'm going to continue to object to Exhibit C, the order of the Department dated August 6th — August 2, 1996 for the reasons that I've already stated.
CHAIRMAN EDWARDS: Okay. Motions objecting to the exhibits will be admitted. The order of the director dated August 2nd, 1996 will be admitted into the record.
T. at 15-17.
Appellee had requested the opportunity to present evidence but appellant did not afford appellee the opportunity. T. at 13-15. Based upon appellant's decision, the matter was disposed of administratively under the doctrine of res judicata. Therefore, our first inquiry is whether res judicata applies to the facts sub judice. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. In Superior's Brand v. Lindley (1980), 62 Ohio St.2d 133, syllabus, the Supreme Court of Ohio held the doctrine of res judicata is applicable to administrative proceedings: Ordinarily, where an administrative proceeding is of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding, the doctrine of collateral estoppel may be used to bar litigation of issues in a second administrative proceeding.
In Superior's, the applicant lost a decision on the taxability of an item and attempted a year later to apply for a refund based on the claim that certain portions of the property were not taxable. In the case sub judice, appellee filed a second application for a liquor permit for the same location some eighteen months after the initial rejection of the permit based upon adverse environmental conditions, high crime rate and the burden upon law enforcement. Given the lapse of time and the basis of the decision being environmental impact, we find the decision to dismiss the second application to be contrary to law. As noted by the trial court, appellant is empowered to set forth guidelines and limitations on applicants and has in fact set time limits for re-applications of revoked permits (Ohio Adm. Code 4301:1-1-08). As candidly admitted by the attorney general during oral argument, there should be no time limits set for re-application of a new permit because there can always be a change of circumstances. By not permitting evidence, the spirit of Ohio Adm. Code 4301:1-1-65(C)(D) and (E) were not complied with sub judice: (C) In all hearings before the commission, the procedure shall be as follows:
(1) The director of the department, first, must produce his evidence and the permit holder or appellant, as the case may be, must then produce his evidence.
(2) The director may offer evidence in rebuttal.
(3) The commission may, in its discretion, hear arguments.
(D) In all hearings before the commission, and the determination thereon, the production of evidence shall be governed in general by the rules of evidence and burden of proof required by Ohio courts in civil cases. The director, the appellant or the permit holder may be represented by counsel at such hearing and such hearing shall be conducted with respect to the administration of oaths, the taking of depositions, issuing subpoenas, and the compulsory attendance of witnesses and the production of books, accounts, papers, records, documents and testimony all in accordance with section 4301.04 of the Revised Code. * * *
(E) In all hearings before the commission, the burden of proof in all cases shall rest upon the director of the department.
In fact, the Director's August 2, 1996 decision which was appealed to appellant considered the environmental factors since the 1995 decision and was made on the "new" evidence presented. Accordingly, we find res judicata not to apply in a re-application for a new permit where there has been a substantial lapse of time from the adverse decision. We agree with the trial court's decision and remand the matter to appellant for a de novo hearing. Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J. Hoffman, P.J. and Edwards, J. concur.