[Cite as *Irby v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-2629.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Chad Irby, Sr.,                                          :

      Plaintiff-Appellant,                 :

                                            No. 16AP-561

v.                                                       :          (Ct. of Cl. No. 2015-00900)

Ohio Department of                                       :          (REGULAR CALENDAR)
Rehabilitation and Correction,
                                                         :
      Defendant-Appellee.
                                                         :

                                                         :

D E C I S I O N

Rendered on May 2, 2017

**On brief:** *Chad Irby, Sr.,* pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Lee Ann Rabe*, for appellee.

APPEAL from the Court of Claims of Ohio

BRUNNER, J.

{¶ 1} Plaintiff-appellant, Chad Irby, Sr., appeals a July 12, 2016 decision of the Court of Claims of Ohio granting summary judgment to defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), for the reason that Irby had previously filed and litigated to an unsuccessful conclusion, essentially the same cause of action in Court of Claims case No. 2015-00822AD ("822AD case"). We hold that, even though the 822AD case was administratively determined, it precluded a subsequent case on the same issues for the same claim. Thus we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 22, 2015, Irby filed an action in the 822AD case seeking $5,000 in damages. (Sept. 22, 2015 Compl. 822AD case; Ex. A, May 12, 2016 Mot. for Summ. Jgmt.) This demand was based on alleged negligence by the State and, in

No. 16AP-561

particular, by a "Major Fullencamp," who had allegedly failed to mitigate chemical smells produced in the prison as a result of roofing work; Irby thus claimed that his asthma worsened and that he had trouble breathing. *Id.* On September 24, 2015, the Court of Claims, noting that original actions before the Court of Claims are only proper against the State and its agencies, sua sponte dismissed Fullencamp as a party and substituted ODRC for Fullencamp. (Sept. 24, 2015 Pre-Screening Entry 822AD case; Ex. T, May 26, 2016 Memo. Contra Mot. for Summ. Jgmt.)

{¶ 3} After Fullencamp was dismissed in the 822AD case, Irby filed a new complaint on October 19, 2015 under a new case No. 2015-00900 ("2015-00900 case"), alleging the same injury from the same chemical smell situation. (Oct. 19, 2015 Compl. 2015-00900 case.) This time, however, Irby listed the ODRC rather than Fullencamp as a party and requested $15,000 (instead of $5,000) in damages. *Id.*

{¶ 4} On January 28, 2016, the ODRC filed an investigation report concerning the incident with the Court of Claims in the 822AD case. (May 6, 2016 Decision 822AD case at 1; Ex. C., May 12, 2016 Mot. for Summ. Jgmt.; Jan 28, 2016 Investigation Report 822AD case.) On February 19, 2016, Irby responded in the 822AD case. (Decision 822AD case at 2; Feb. 19, 2016 Response in Opp. to Investigation Report 822AD case.)

{¶ 5} While the 822AD case was awaiting decision, on March 4, 2016, the ODRC filed an answer and sought a stay of the 2015-00900 case arguing that the outcome in the first-filed 822AD case would control both cases. (Mar. 4, 2016 Mot. for Stay; Mar. 4, 2016 Answer.) Irby opposed ODRC's motion and argued that the 822AD case should be dismissed with his claims proceeding only in the 2015-00900 case. (Mar. 23, 2016 Mot. to Dismiss Mot. to Stay.)

{¶ 6} Before the Court of Claims ruled on ODRC's motion for stay, on May 6, 2016, a deputy clerk of the Court of Claims issued an administrative decision in the 822AD case denying Irby's claims. (Decision 822AD case.) Six days later, on May 12, 2016, the ODRC filed a motion for summary judgment in the 2015-00900 case arguing that Irby's claim was litigated and decided in the 822AD case and that the 2015-00900 case should be dismissed as a matter of law based on res judicata and collateral estoppel. (Mot. for Summ. Jgmt.) Irby timely responded and argued that the Court of Claims made a mistake in failing to close case 822AD after dismissing Fullencamp, that the parties

No. 16AP-561

were different between the two cases (822AD case against Fullencamp and 2015-00900 case against the ODRC), and thus res judicata and collateral estoppel were inapplicable. (Memo Contra Mot. for Summ. Jgmt.)

{¶ 7} On July 5, 2016, the Court of Claims sua sponte extended the deadline for ODRC to amend its answer to include res judicata as a defense, noting that res judicata cannot be asserted for the first time in a motion for summary judgment. (July 5, 2016 Mag. Order.) The following day, ODRC filed an amended answer. (July 6, 2016 Am. Answer.) Approximately one week later, on July 12, the Court of Claims ruled that the 2015-00900 case was precluded by the litigation and decision in the 822AD case and found in favor of ODRC on the summary judgment motion. (July 12, 2016 Jgmt. Entry).

{¶ 8} Irby now appeals the 2015-00900 case. Irby never appealed the decision in the 822AD case.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Nowhere does Irby's brief contain, "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 16(A)(3). However, he does set forth a position that, as a matter of discretion, we treat as assignment of error in order to address the merits of his case. This position statement is as follows:

> THE PLAINTIFFS[sic] CLAIMS IN CASE NO. 2015-00900 ARE NOT BARRED BY RES JUDICATA:[sic]

(Irby Brief at 2.)[1]

## III. DISCUSSION

{¶ 10} Civ.R. 56(C) provides:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

[1] Irby's brief was incorrectly filed with the trial court but this Court permitted him to file it late rather than suffer dismissal of his appeal for want of prosecution. (Dec. 1, 2016 Entry.) Thus, his brief was not filed with this Court until September 14, 2016, after the ODRC's brief and after his reply brief.

No. 16AP-561

We review a trial court's decision on summary judgment de novo and apply the same standards as the trial court. *Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818, ¶ 12; *Bonacorsi v. Wheeling & Lake Erie Ry.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.

{¶ 11} On the topic of res judicata, the Supreme Court of Ohio has explained:

> The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995 Ohio 331, 653 N.E.2d 226 (1995), citing *Whitehead v. Gen. Tel. Co.*, 20 Ohio St.2d 108, 254 N.E.2d 10 (1969) and *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, (1989). With regard to claim preclusion, a final judgment or decree rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *Id.*, citing *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus, and *Whitehead*, paragraph one of the syllabus. Moreover, an existing final judgment or decree between the parties is conclusive as to all claims that were or might have been litigated in a first lawsuit. *Id.* at 382, citing *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990).

*Brooks v. Kelly*, 144 Ohio St.3d 322, 2015-Ohio-2805, ¶ 7; *see also, e.g., State ex rel. Ohio Water Serv. Co. v. Mahoning Valley Sanit. Dist.*, 169 Ohio St. 31, 34-35 (1959). In contrast with claim preclusion:

> The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.

*State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 97 Ohio St.3d 269, 2002-Ohio-6322, ¶ 16.

{¶ 12} ODRC argues that this case potentially implicates both issue and claim preclusion. We agree. The 822AD and 2015-00900 cases involve the same claim and issues, arising from the same chemical smell incident, between the same parties (Irby and

ODRC). Although Irby argues that his first action was against Fullencamp, this is a nullity in the Court of Claims because Fullencamp cannot be a party in the Court of Claims. R.C. 2743.03(C)(1). While it may have been better for the Court of Claims to have directed Irby to amend his complaint in the 822AD case or face dismissal when he improperly attempted to sue Fullencamp, the Court of Claims instead elected to interpret Irby's complaint as having sued ODRC through its agent Fullencamp.[2] (Pre-Screening Entry 822AD case.) Since Irby never appealed the 822AD case and thus never challenged the procedural propriety of substituting ODRC for Fullencamp, we are left with the posture of the 822AD case that Irby's first filed claim was against ODRC. Hence, both of Irby's cases, 822AD and 2015-00900, involved the same parties and concerned the same claim.

{¶ 13} However, claim preclusion requires a prior "final judgment or decree rendered on the merits by a court of competent jurisdiction" and issue preclusion requires that an issue have been "passed upon and determined by a court of competent jurisdiction." *Brooks* at ¶ 7; *State ex rel. Stacy* at ¶ 16. The 822AD case was determined not by a judge of a court but by a deputy clerk pursuant to R.C. 2743.10 which provides that cases seeking $10,000 or less in the Court of Claims are to be administratively determined by the clerk of the Court of Claims. R.C. 2743.10(A) through (C). Thus, in attempting to apply the principles of res judicata as the ODRC argues we should, an issue arises as to whether the 822AD case was a proper predicate for claim or issue preclusion.

{¶ 14} The Supreme Court has explained when issue and claim preclusion apply based on administratively-created outcomes:

> Res judicata, whether claim preclusion or issue preclusion, applies to quasi-judicial administrative proceedings, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 1995 Ohio 331, 653 N.E.2d 226; *Girard v. Trumbull Cty. Budget Comm.* (1994), 70 Ohio St.3d 187, 193, 1994 Ohio 169, 638 N.E.2d 67. An administrative proceeding is quasi-judicial for purposes of res judicata if " 'the parties have had an ample opportunity to litigate the issues involved in the proceeding.' " *Set Prods., Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 263, 31 OBR 463, 510 N.E.2d 373, quoting *Superior's Brand v. Lindley* (1980), 62 Ohio St.2d 133, 16 O.O.3d 150, 403 N.E.2d 996, syllabus; *cf. State ex rel. Wright*

---

[2] We note that the complaint form used in the 822AD case had blank lines for an agency and an agent but Irby placed Fullencamp in the blank reserved for the agency rather than the blank for the agent. (Compl. 822AD case.)

No. 16AP-561

> *v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St. 3d 184, 186, 1999 Ohio 17, 718 N.E.2d 908 ("Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial").

*State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, ¶ 29. R.C. 2743.10(B) prescribes an investigation and administrative review process that somewhat resembles an adversarial court process:

> Civil actions covered by division (A) of this section shall be commenced by filing with the clerk on complaint forms prescribed by the supreme court. The clerk shall forward copies of the form complaint to the attorney general and the state department, board, office, commission, agency, institution, or other instrumentality whose actions or failure to act are the subject of complaint. The latter shall investigate the allegations made in the form complaint and report the results of its investigation to the clerk within sixty days of receipt of a copy of the form complaint. The clerk shall forward a copy of the report to the claimant and give the claimant an opportunity to respond to the report either in writing or by appearing before the clerk.

{¶ 15} But R.C. 2743.10(C) provides that for administratively determined matters before the Court of Claims, "[r]ules of evidence shall not be applicable in the determination. Procedures shall be governed by rules promulgated by the clerk, shall be informal, and shall be designed to accommodate persons who are not skilled in the law." R.C. 2743.10(D) also prohibits appeal beyond the Court of Claims. So, notwithstanding *Schachter* and R.C. 2743.10(B), there may be some question as to whether, as a matter of law, the principles of res judicata and issue preclusion should apply to R.C. 2743.10 determinations. But Irby has not explicitly raised this issue, nor have the parties briefed it. And R.C. 2743.10(D) specifically provides that, as a consequence of an administrative proceeding, "[n]o civil action arising out of the same transaction or set of facts may be commenced by the claimant in the court of claims." Thus, even were the common-law principles of issue and claim preclusion to prove inapplicable, there is a statutory bar to subsequent actions on the same topic as those determined administratively pursuant to R.C. 2743.10(D).

No. 16AP-561

{¶ 16} Irby's action in the 2015-00900 case is barred by the existence of the 822AD case as a matter of statute.

## IV. CONCLUSION

{¶ 17} Because Irby filed two essentially identical causes of action seeking damages for the same alleged tort, the first filed action controls the result and precludes the second. We therefore affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK, P.J., and KLATT, J., concur.