**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Kohl's Illinois, Inc. v. Marion Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-4461.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4461

KOHL'S ILLINOIS, INC., ET AL., APPELLEES, *v.* MARION COUNTY BOARD OF REVISION ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Kohl's Illinois, Inc. v. Marion Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4461.]**

*Taxation—Real-property valuation—Collateral estoppel—Law of the case—BTA properly applied collateral estoppel—Decision affirmed.*

(No. 2017-0161—Submitted September 11, 2018—Decided November 6, 2018.)

APPEAL from the Board of Tax Appeals, No. 2016-138.

———————————

**Per Curiam.**

{¶ 1} This property-tax appeal brings the tax-year-2010 complaint filed by appellee Kohl's Illinois, Inc., before us for a second time. *See Kohl's Illinois, Inc. v. Marion Cty. Bd. of Revision*, 140 Ohio St.3d 522, 2014-Ohio-4353, 20 N.E.3d 711 ("*Kohl's I*"). In this appeal, appellants Marion County Board of Revision ("BOR") and the River Valley Local School District Board of Education ("school board")

appeal a decision of the Board of Tax Appeals ("BTA") that was issued after our remand in *Kohl's I*. They contend that the BTA should have enforced a recorded covenant that purports to prohibit Kohl's, the property owner, from contesting the Marion County auditor's valuations of the property.

**{¶ 2}** In the decision on appeal, the BTA held that it had already decided not to enforce the covenant in an October 2015 decision that it issued after we remanded the case in *Kohl's I*. Because the October 2015 decision was not appealed, the BTA concluded that the BOR and the school board were barred by res judicata and collateral estoppel from seeking enforcement of the covenant. The BOR and the school board argue that the BTA did not actually decide the covenant issue previously.

**{¶ 3}** We disagree, and we therefore affirm the BTA's decision.

### I. Background

**{¶ 4}** In *Kohl's I*, we reviewed a BTA decision affirming the BOR's dismissal of a valuation complaint filed by Kohl's for tax year 2010. The BTA agreed with the BOR that the complaint was jurisdictionally barred by the covenant. That covenant, which originated in a tax-increment-financing ("TIF") agreement, stated that the property owner could not file a complaint against an increased valuation of the property during the effective years of the TIF agreement. Kohl's allegedly became bound by the covenant when it acquired the property from an entity that was a party to the TIF agreement. *Kohl's I*, 140 Ohio St.3d 522, 2014-Ohio-4353, 20 N.E.3d 711, at ¶ 7.

**{¶ 5}** In *Kohl's I*, we held that the covenant was not a *jurisdictional* bar but might be a valid defense to the property owner's valuation complaint. We then vacated and remanded the case with instructions that the BTA afford the beneficiaries of the covenant (the county commissioners and the school board) the opportunity to establish the binding validity of the covenant as a defense against the complaint. *Id.* at ¶ 32, 38.

**{¶ 6}** After remand, the BTA consolidated the tax-year-2010 case with a later appeal in which Kohl's had challenged the property's valuation for 2013. On October 15, 2015, the BTA issued a decision addressing both the 2010 and 2013 valuation complaints. BTA Nos. 2011-2747 and 2014-3897, 2015 WL 10985205 (Oct. 15, 2015). In that decision, the BTA determined that no sufficient argument for enforcing the covenant had been advanced. *Id*. at *5. The BTA then ordered two separate dispositions for the two tax years at issue. As for tax year 2010, the BTA remanded the matter to the BOR to determine value. *Id*. Regarding tax year 2013, the BTA adopted an appraisal valuation that reduced the property's value. *Id*. at *6. No appeal was taken from the October 2015 decision.

**{¶ 7}** On remand at the BOR, Kohl's introduced an appraisal report and testimony in support of a reduced value of $3,925,000 for tax year 2010. When the BOR retained the auditor's valuation of $5,090,370, Kohl's appealed to the BTA. On January 5, 2017, the BTA held that the covenant issue was barred by res judicata and collateral estoppel. The BTA then adopted the appraisal valuation of $3,925,000 for the property.

**{¶ 8}** The BOR and the school board have appealed to this court from the BTA's 2017 decision, asserting the covenant claim but not contesting the merits of the valuation reduction for tax year 2010.

## II. Analysis

**{¶ 9}** Citing *Superior's Brand Meats, Inc. v. Lindley*, 62 Ohio St.2d 133, 403 N.E.2d 996 (1980), the BTA denied reconsideration of the covenant issue on grounds of res judicata and collateral estoppel. As we stated in *Superior's Brand Meats*, the importance of finality in administrative proceedings justifies applying collateral estoppel in the context of BTA decisions when the elements for doing so have been satisfied. *Id.* at syllabus. In the BTA context, collateral estoppel bars relitigation of an issue when "the parties have had an ample opportunity to litigate the issues involved in the proceeding." *Id.*

{¶ 10} In challenging the BTA's decision, the BOR and the school board do not contend that the covenant issue is somehow not the same issue addressed in the October 2015 decision, nor do they dispute that the identical parties were before the BTA when it issued that decision. Instead, the appellants contend that the covenant issue was not "actually determined" in the October 2015 decision. To support this point, the county relies on the tentative language that was part of the BTA's discussion in the October 2015 decision: "Since the county appellees have failed to provide this board with any pertinent legal authority, we are unable to make a determination as to whether the no-contest covenant is binding and enforceable upon Kohl's." 2015 WL 10985205 at *5.

{¶ 11} Although this statement, if taken in isolation, could be viewed as *not deciding* whether the no-contest covenant was enforceable against Kohl's, the statement must be read in its context. The sentence is situated in the middle of the following paragraph, which we quote in full:

Upon careful examination of the record before this board, the county appellees have failed to satisfy their burden on remand as set forth by the Supreme Court to show that the "no-contest covenant is valid and binding under contract law or real-covenant law." *Kohl's* [*I*, 140 Ohio St.3d 522, 2014-Ohio-4353, 20 N.E.3d 711,] at ¶ 29. Indeed, the county appellees failed to provide any statutory basis for applying the covenant to Kohl's and failed to demonstrate that the no-contest covenant qualifies as a covenant that runs with the land under pertinent case law. In fact, it bears noting that the county appellees do not cite to any legal authority for applying the no-contest covenant to Kohl's or to prove the covenant qualifies as one that runs with the land. Since the county appellees have failed to provide this board with any pertinent legal authority,

we are unable to make a determination as to whether the no-contest covenant is binding and enforceable upon Kohl's. Because the Supreme Court's [sic] found that "the TIF agreement is not a jurisdictional restriction," [*id. at* ¶ 1] and based upon the record before this board, we hereby vacate the BOR's dismissal of the underlying tax year 2010 complaint and remand this matter to the BOR with instructions to conduct further proceedings to determine the value of the subject property for tax year 2010.

2015 WL 10985205 at *5.

**{¶ 12}** The context of the entire paragraph shows that the BTA made a finding that the proponents of applying the covenant failed to prove that they were entitled to its enforcement.

**{¶ 13}** The appellants additionally contend that because the BTA did not actually decide the covenant issue, that issue was still an open question and unappealable at that time. But as discussed above, the BTA did make a determination and in doing so made its October 2015 decision final and appealable on that point. That is so because the BTA's refusal to enforce the covenant was an order that "affect[ed] a substantial right," R.C. 2505.02(B)(2), i.e., the alleged right to enforce the covenant, which was irretrievably lost when the BTA ordered the BOR to proceed to determine the property's value for 2010 and the county did not appeal. *See Southside Community Dev. Corp. v. Levin*, 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.2d 1048, ¶ 5.

**{¶ 14}** Despite this straightforward reasoning, the county asserts that the BTA, through its October 2015 decision, "maintained jurisdiction to vacate or modify its * * * decision." Under this theory, the BTA's remand of the case for a determination of value for tax-year 2010 made the determination of the covenant

issue interlocutory and unappealable as to that tax year, leaving open a later resolution in a second appeal.

{¶ 15} But the October 2015 decision makes no statement about retaining jurisdiction, and any such assertion by the BTA would be contrary to the general proposition that a remand order constitutes a relinquishment of jurisdiction over the case. *See Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 144 Ohio St.3d 128, 2015-Ohio-4304, 41 N.E.3d 396, ¶ 31.

{¶ 16} Also significant is the fact that the BTA's remand order did not call for the BOR to reconsider whether to enforce the covenant. Instead, the BTA itself decided the covenant issue against enforcement and instructed the BOR to determine the property's value. The BTA thereby merged its covenant determination into the remand order, with the result that the October 2015 decision barred the BOR from addressing the covenant issue again. *Id.* at ¶ 37 (law-of-the-case doctrine jurisdictionally barred the lower tribunal from acting contrary to the ruling of the superior tribunal). It follows that the BOR on remand had no option to enforce the covenant and that during the second appeal to the BTA from the BOR, there was no open issue regarding the covenant.

{¶ 17} Contrary to the assertions of the BOR and the school board, the BTA in its January 2017 decision confronted an attempt to relitigate the BTA's October 2015 decision against enforcement of the covenant. The BTA correctly applied collateral estoppel to preclude that attempt.

### III. Conclusion

{¶ 18} For the foregoing reasons, the BTA properly applied collateral estoppel, and the appellants do not contest the reduced valuation on the merits. We therefore affirm the decision of the BTA.

Decision affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

6

_____

Vorys, Sater, Seymour & Pease, L.L.P., Karen H. Bauernschmidt, Nicholas Ray, and Heather M. Lutz, for appellee Kohl's Illinois, Inc.

Raymond A. Grogan Jr., Marion County Prosecuting Attorney, and Matt Frericks and  David Stamolis, Assistant Prosecuting Attorneys, for appellant Marion County Board of Revision.

Mazanec, Raskin & Ryder Co., L.P.A., Stacy V. Pollock, Douglas P. Holthus, and Frank H. Scialdone, for appellant River Valley Local School District Board of Education.

_____